IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHN D. HAYWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv−0527−JPG |
| | ) | |
| SHEF, | ) | |
| COLLINS, and | ) | |
| TAMMY | ) | |
| | ) | |
| Defendants. | | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff John D. Haywood, an inmate in Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff requests damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-

27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff originally brought this claim in Case No. 18-cv-21-JPG-SCW. The Court determined that Plaintiff had not properly joined his claims and severed this one into the present action on March 2, 2018. (Doc. 1).

As relevant to the claims in this lawsuit, Plaintiff alleges that he saw Dr. Shev/Shef[1] on November 24, 2017. (Doc. 2, p. 23). Shev/Shef took away Plaintiff's high blood pressure medication. *Id*. Plaintiff protested, and told Shev/Shef that it had taken him over a month to get his medications and that he was currently out of "Lasix." *Id*. Plaintiff alleges that he was actually out of potassium, but that he got his medications confused because he takes close to 30 pills a day. *Id*. Shev/Shef directed Collins to figure out why Plaintiff didn't have his Lasix. *Id*. She responded by arranging for Plaintiff's cell to be shaken down, and falsely told the Lieutenant that Plaintiff reported that he had no medications. *Id*. When the guards found medication in Plaintiff's cell, he was then taken to segregation. *Id*. Collins told the officers that Plaintiff was only permitted to have his antibiotics; she never discovered that he was out of potassium. *Id*.

That evening, Plaintiff went to the med line. (Doc. 2, p. 24). He received a higher dose of "Corey," which he alleges was a mistake because he had taken that medication earlier in the

---

[1] As noted in the severance order, Plaintiff refers to a "Dr. Shev" in the body of the Complaint but a "Dr. Shef" in his list of parties. The Court presumes this is the same individual.

2

day. *Id*. He did not receive any high blood pressure medication or potassium. *Id*. The "Corey" made Plaintiff dehydrated, and he fainted. *Id*. Plaintiff was taken to the Health Care Unit, where Tammy decided that he had deliberately overdosed, and called internal affairs to investigate the incident. *Id*. Tammy also refused to give Plaintiff water until he told her what pills he took, despite the fact that Plaintiff was actually suffering from dehydration. *Id*.

Plaintiff was finally admitted for observation. *Id*. He promptly drank 8 glasses of water and fainted again, this time hitting his head on the floor. (Doc. 2, p. 25). When he came to, he vomited. *Id*. Plaintiff was referred to the hospital. *Id*. He found the ambulance ride uncomfortable. *Id.* Plaintiff alleges that if Tammy hadn't told the EMT's that he overdosed, he would not have had to endure the ambulance ride, because all he needed was water. *Id*. Tests ultimately revealed no drugs in Plaintiff's system, but found low potassium levels. *Id* . Plaintiff was disciplined for having pills in his cell. (Doc. 2, p. 26). He was never given his correct blood pressure medication. *Id*.

## Discussion

The severance order designated a single claim for this case:

**Count 13** – Eight Amendment deliberate indifference claims against Dr. Shev/Shef, Nurse Collins, and Nurse Tammy for altering his medications, confiscating his medications, and/or failing to treat him for the effects of his medication changes and his high blood pressure symptoms, on and after November 24, 2017, at Lawrence.

Prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was

3

deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The subjective element requires proof that the defendant knew of facts from which he could infer that a substantial risk of serious harm exists, and he must actually draw the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

"Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The Eight Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Deliberate indifference may also be shown where medical providers persist in a course of treatment known to be ineffective. *Berry v. Peterman*, 604 F.3d 435, 441-42 (7th Cir. 2010); *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005).

Plaintiff has adequately alleged that his numerous health problems, including high blood pressure, constitute a serious medical need. Although defendants' actions and motivations are not completely clear from the Complaint, Plaintiff has adequately alleged that he was not properly medicated by Shev/Shef. Issuing improper medications can show deliberate indifference, and so Count 13 will be permitted to proceed against him. Further, Plaintiff alleges that Shev/Shef charged Collins with determining whether Plaintiff had adequate medication, but

4

she instead arranged for his cell to be shaken down, and thus failed to discover that Plaintiff did not have the potassium he needed. Although the causal connection is thin here, it would be helpful to have further factual development of this claim, and so Count 13 will also be permitted to proceed against Collins. Finally, Plaintiff has alleged that nurse Tammy determined that he had deliberately overdosed himself, when he was actually just dehydrated and suffering from the effects of his medication changes, causing Plaintiff to faint, vomit, and experience an uncomfortable hospital transportation. At this stage, the Court will also allow Plaintiff's deliberate indifference claim to proceed against Nurse Tammy for failing to adequately evaluate Plaintiff.

## Pending Motions

All of Plaintiff's pending motions will be referred to a United States Magistrate Judge for disposition. (Doc. 4) (Doc. 5) (Doc. 9).

## Disposition

**IT IS HEREBY ORDERED** that **Count 13** survives threshold review against Shef, Collins, and Tammy.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Shef, Collins, and Tammy: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that

Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court,

who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: June 12, 2018**

s/J. Phil Gilbert
**U.S. District Judge**