UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN D. HAYWOOD, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| vs. | ) Case No. 3:18-cv-0527-GCS <br> ) <br> ) |
| VIPIN SHAH, <br> TAMMY WELTY, <br> and SHERRY COLLINS, | ) <br> ) <br> ) <br> ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**SISON, Magistrate Judge:**

Pending before the Court is attorney Christopher Blaesing's motion to withdraw as counsel (Doc. 66). Based on the reasons contained in the motion, the Court **GRANTS** the motion and **ALLOWS** Mr. Blaesing to withdraw from the case.

**IT IS HEREBY ORDERED** in accordance with 28 U.S.C. § 1915(e)(1) and Local Rule(s) 83.1(i) and 83.9(b), attorney Lindsey M. Hogan, Faegre Drinker Biddle & Reath LLP -Chicago, Illinois, is **ASSIGNED** to represent Plaintiff John D. Haywood in this civil rights case. On or before March 5, 2020, assigned counsel shall enter his appearance in this case. Attorney Hogan is free to share responsibilities with an associate who is also admitted to practice in this district court. Assigned counsel, however, must enter the case and shall make first contact with Plaintiff, explaining that an associate may also be working on the case. Plaintiff should wait for his attorney to contact him in order to

allow counsel an opportunity to review the court file.

The Clerk of Court is **DIRECTED** to transmit this Order and copies of the docket sheet and Docs. 10, 56, & 60 to attorney Hogan. The electronic case file is available through the CM-ECF system.

Now that counsel has been assigned, Plaintiff <u>shall not</u> personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures. Plaintiff and his counsel are **ADVISED** that, because Plaintiff is proceeding *in forma pauperis*, if there is a monetary recovery in this case (either by verdict or settlement), any unpaid out-of-pocket costs must be paid from the proceeds. *See* SDIL-LR 3.1(c)(1). If there is no recovery in the case (or the costs exceed any recovery), the Court has the discretion to reimburse expenses.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement. Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. *See* SDIL-LR 83.13. The funds available for this purpose are limited, however, and counsel should use the utmost care

when incurring out-of-pocket costs.  In no event will funds be reimbursed if the expenditure is found to be without a proper basis.  The Court has no authority to pay attorney's fees in this case.  No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed.  Assigned counsel may move for an exemption from PACER fees for this case.

The district court has entered into an agreement with attorney James P. Chapman and the Illinois Institute for Community Law to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client.  Mr. Chapman can be reached by phone at (312) 593-6998 or email at JamesPChapman@aol.com.  His services are available to you free of charge, as long as you are representing a prisoner *pro bono* on a case in the district.  You are also encouraged to view online lectures presented by Mr. Chapman at www.illinoislegaladvocate.org (under "Legal Resources" then "Prisoners' Rights").  In addition, the Court's website, www.ilsd.uscourts.gov, includes a Prison Litigation handbook which is available to you as a resource.  It is listed under "Forms" as "Attorney Information - Guide for Attorneys Recruited to Represent Plaintiffs in Section 1983 Cases."  The Court encourages you to consult it and Mr. Chapman as needed.

As of this date, Plaintiff's contact information is:

**John D Haywood**
**B44617**
**LAWRENCE CORRECTIONAL CENTER**
**10930 Lawrence Road**
**Sumner, IL 62466**

    **IT IS SO ORDERED.**

    Dated: February 20, 2020.

Digitally signed by Judge Sison
Date: 2020.02.20 14:37:17 -06'00'

GILBERT C. SISON
United States Magistrate Judge