UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARY WASHINGTON,  )<br>as Special Representative of the Estate of  )<br>John D. Haywood,  )<br>  )<br>  Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>VIPIN SHAH,  )<br>TAMMY WELTY,  )<br>and SHERRY COLLINS,  )<br>  )<br>  Defendants.  ) | Case No. 3:18-cv-00527-GCS |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

Pending before the Court is Plaintiff's objection to the Court's June 9, 2022 Memorandum & Order denying extension of time. (Doc. 102). Specifically, Plaintiff, pursuant to Federal Rule of Civil Procedure 72, appeals the June 9, 2022 Order denying her request for an additional 60 days for discovery and an additional 90 days to file dispositive motions. On July 7, 2022, Defendants filed a response opposing the objection. (Doc. 102). Based on the reasons delineated below, the Court finds the objection/appeal to the Court's June 9, 2022 Memorandum & Order not applicable in this consented case, considers the objection/appeal as a motion to reconsider and **DENIES** the motion.[1]

---

[1] On December 4, 2019, then named Plaintiff John D. Haywood, pursuant to 28 U.S.C. § 636(c), consented to trial by United States Magistrate Judge. (Doc. 42). On December 9, 2019, Senior District Judge referred the case to the undersigned by entering the following Order: "All parties have consented to have a United States Magistrate Judge conduct all proceedings in this case. Accordingly, this case is REFERRED

The Federal Rules of Civil Procedure do not expressly recognize motions to reconsider. Plaintiff's motion was filed within 28 days of the entry of Order, and it will therefore be considered under Rule 59(e). *See Banks v. Chicago Board of Education*, 750 F.3d 663, 666 (7th Cir. 2014). Altering or amending through Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). Rule 59 motions are for the limited purpose of correcting a "manifest error," and "[a] 'manifest error' is not demonstrated by the disappointment of the losing party"; rather, "[i]t is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and internal quotations omitted). Rule 59(e) permits the Court to alter or amend judgments upon motion filed no later than 28 days after the date of entry.

A Rule 59(e) motion "is only proper when the movant presents newly discovered evidence . . . or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Burritt v. Ditlefsen*, 807 F.3d 239, 252-253 (7th Cir. 2015) (citations and internal quotations omitted). The motion is not an invitation to rehash

---

to United States Magistrate Judge Gilbert C. Sison. The Magistrate Judge shall conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. 636(c) and Federal Rule of Civil Procedure 73. Judge J. Phil Gilbert no longer assigned to the case. All future documents must bear case number 18-527-GCS." (Doc. 44). Thereafter, on March 28, 2021, Plaintiff Haywood died. (Doc. 82). Subsequently, on March 24, 2022, the Court granted a motion to substitute party and appointed Ms. Washington as special representative to continue this case on behalf of the estate of John D. Haywood. (Doc. 95). Consents of original parties to trial before United States Magistrate Judges are binding upon parties which are substituted as legal representative of deceased party or as legal successor of original party. *See* 28 U.S.C. § 636(c)(1); FED. RULES CIV. PROC. Rule 25(a), (c); *see also Brook, Weiner, Sered, Kreger & Weinberg v. Coreq, Inc.*, 53 F.3d 851 (7th Cir. 1995). Thus, an appeal pursuant to Federal Rule 72 is not appropriate in this case.

previously considered and rejected arguments. *See Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000).

Again, Plaintiff has not shown good cause for extending the deadlines in this case. Her motion merely takes umbrage with the Court's ruling. The Court is fully aware of the facts and circumstances of this case, and the Court has the discretion to grant/deny extensions of time for "good cause." FED. R. CIV. PROC. 6(b)(1)(A). The undersigned clearly believed good cause did not exist when the request for extension of time was denied. As stated previously, the Court finds that the parties have had ample time to conduct discovery in this case with the extensions provided by the Court. Further, the Court finds that Defendants will experience prejudice if the Court extends these deadlines and allows Plaintiff leave to file a motion to amend the complaint. The Court finds no basis on which to reconsider its previous decision.

Accordingly, the Court **DENIES** the motion to reconsider. (Doc. 102).

**IT IS SO ORDERED.**

**DATED: July 11, 2022.**

Digitally signed by
Judge Sison 2
Date: 2022.07.11
13:34:05 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**